```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

ELIZABETH DORIOTT,                  :
                                    :    NO. 1:05-CV-00292
    Petitioner,                     :
                                    :    **OPINION & ORDER**
                                    :
  v.                                :
                                    :
                                    :
COURT OF COMMON PLEAS OF            :
WARREN COUNTY, OHIO,                :
                                    :
    Respondent.

       This matter is before the Court on the Report and Recommendation of the assigned Magistrate Judge (doc. 12). The assigned Magistrate Judge attached to his Report and Recommendation notice that any party may object to the Report and Recommendation within ten days after being served with a copy (Id.). No party filed objections.

       A Warren County, Ohio grand jury indicted the Petitioner Elizabeth Doriott (hereinafter "Doriott") on June 1, 2004 on eleven counts of Deception to Obtain a Dangerous Drug in violation of Ohio Revised Code § 2925.22(A) (doc. 12). The Respondent maintained that Doriott, a physician, wrote prescriptions to employees, but used the medication for her personal use or distributed the medication to her family (Id.). At the conclusion of the Respondent's case in chief, Doriott argued that the state had failed to provide her with certain documents in violation of Brady v. Maryland, 373 U.S. 83 (1963). Ultimately,

the trial judge dismissed the indictment and discharged the jury, finding that the non-disclosure of the documents constituted a Brady violation which could not be remedied (doc. 12). Several weeks after this dismissal, the grand jury re-indicted Doriott on the same eleven counts as contained in the original indictment (Id.).

Doriott filed a motion to dismiss the new indictment, arguing it violated her rights pursuant to the Double Jeopardy Clause (Id.). The trial judge, on March 1, 2005, overruled Doriott's motion (Id.). On March 9, 2005, Doriott filed a notice of appeal to the Ohio Court of Appeals and on March 23, 2005, the Ohio Court of Appeals dismissed the appeal as interlocutory, finding that it was without jurisdiction to consider it (Id.). Doriott ultimately, on April 25, 2005, pursued further appeal to the Supreme Court of Ohio (Id.).

On May 2, 2005, Doriott filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that her continued custody was barred by the Double Jeopardy Clause (Id.). This writ is the matter addressed in the Report and Recommendation now before the Court. On May 18, 2005, the Warren County Court of Common Pleas stayed the criminal proceeding against Doriott pending her appeal in the Supreme Court of Ohio (Id.). Doriott requested that this Court rule on her writ as she anticipates that on August 26, 2005 the state trial court will lifts it stay of proceedings and

schedule the retrial (Id.).

The assigned Magistrate Judge issued a well-reasoned, thoroughly researched, and excellent written Report and Recommendation (Id.).  The Magistrate Judge notes that the Respondent preliminarily asserts that Doriott failed to exhaust her state court remedies and that the federal court should abstain from interfering in a state criminal proceeding (Id.).  However, the Magistrate Judge aptly reports that the Sixth Circuit has rejected these two related arguments in the Double Jeopardy context (Id.).  See Harpster v. Ohio, 128 F.3d 322, 324 (6th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (holding that the Double Jeopardy Clause protects against being twice tried or placed in jeopardy, not just twice punished, federal adjudication of such claims on a pre-trial basis is appropriate); Johnson v. Karnes, 198 F.3d 589, 592 n.2 (6th Cir. 1999) (holding that with respect to exhaustion it is required that claims be raised and rejected in the state trial court and that there exists no right to interlocutory appeal).

The Magistrate Judge continues with a thorough and well-reasoned analysis of the Double Jeopardy Clause and its application to Doriott's situation (Id.).  The Court incorporates by reference the contents of the Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation de novo.  As noted, the Court finds that the Magistrate Judge's Report and Recommendation is well-reasoned and

thorough. As such, the Magistrate Judge's Report and Recommendation (doc. 12) is hereby ADOPTED IN ITS ENTIRETY. Petitioner Elizabeth Doriott is hereby ORDERED released from custody.

SO ORDERED.

Dated: September 14, 2005        s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge